FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 06 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CONDALEE MORRIS, | No. 14-56527 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-02642-AJB-BGS |
| v. | |
| M. BARRA, Program Sergeant; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted May 24, 2016[**]

Before:     REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

California state prisoner Condalee Morris appeals pro se from the district court's orders rejecting his Federal Rule of Civil Procedure 60(b) motions for reconsideration of the dismissal of his 42 U.S.C. § 1983 action. We dismiss the appeal for lack of jurisdiction.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

After the district court entered judgment, Morris filed a notice of appeal regarding the district court's dismissal orders. While the appeal was pending in this court, Morris attempted to file in the district court two motions for reconsideration of the dismissal orders. The district court rejected the motions because the case was closed and an appeal was pending. Morris then filed the instant appeal. We construe the district court's rejections of Morris's motions for reconsideration as refusals to entertain them, and so construed, the refusals are not appealable orders. *See Crateo, Inc. v. Intermark, Inc.* (*In re Crateo, Inc.*), 536 F.2d 862, 869 (9th Cir. 1976) (when an appeal is already pending, a decision to neither grant nor entertain a Rule 60(b) motion is a procedural ruling which is not separately appealable), *superseded in part on other grounds by rule as stated in Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1065 (9th Cir. 2002).

We lack jurisdiction to consider Morris's contentions regarding the dismissal of his underlying claims or the timeliness of prior notices of appeal because the operative notice of appeal was only timely as to the rejection of his motions for reconsideration. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days after entry of judgment or order appealed from).

Morris's request, set forth in his March 2, 2015 filing, is denied.

**DISMISSED.**